UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAWN M. CRUZ, <br><br> Plaintiff, <br><br> v. <br><br> DYNAMIC RECOVERY SOLUTIONS, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:18-cv-01343 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes DAWN M. CRUZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DYNAMIC RECOVERY SOLUTIONS, LLC, ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the common nucleus of operative facts of Plaintiff's federal question claims.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

## PARTIES

4. Plaintiff is a consumer over-the-age of 18 residing in Bexar County, Texas, which is located within the Western District of Texas.

5. Plaintiff is a "person," as defined by 47 U.S.C. §153(39).

6. Defendant boasts that it has "50 combined years in the accounts receivables industry[.]"[1] Defendant is a limited liability company organized under the laws of the state of South Carolina with National Registered Agents, Inc. as its registered agent, located at 2 Office Park Court, Suite 103, Columbia, South Carolina 29223. Defendant engages in collection activities in several different states, including the state of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. Several years ago, Plaintiff obtained a personal loan to purchase household and other consumer goods and/or services.

10. Due to financial hardship, Plaintiff fell behind on her scheduled payments and incurred debt ("subject debt").

---

[1] https://www.gotodrs.com/about-us

11. Around the fall of 2018, Plaintiff began receiving calls to her cellular phone, (210) XXX-2343, from Defendant.

12. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -2343.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (844) 205-5971 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the above referenced phone number ending in -5971 is regularly utilized by Defendant during its debt collection activity.

15. Upon answering phone calls from Defendant, Plaintiff has experienced a significant pause, lasting several seconds in length, before being connected with a live representative.

16. Plaintiff, through her contacts with Defendant, was informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

17. Plaintiff explained her financial inability to address the subject debt during one of her conversations with Defendant.

18. However, Defendant's contacts persisted, prompting Plaintiff to answer Defendant's calls and demand that Defendant stop contacting her cellular phone.

19. Despite Plaintiff's demands, Defendant has continued to place phone calls to Plaintiff's cellular phone seeking collection of the subject debt.

20. Plaintiff has received approximately 10 phone calls from Defendant since asking it to stop calling.

21. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though full set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c(a)(1) and §1692d**

29. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring

or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §1692c(a)(1), d, and d(5) when it persistently called Plaintiff after being notified to stop. Defendant called Plaintiff at least 10 times after she demanded that it stop calling. This repeated behavior of systematically calling Plaintiff's phone in spite of her demands was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

31. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

### c. Violations of FDCPA § 1692f

35. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

36. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff after being notified to stop. Attempting to coerce Plaintiff into payment by placing phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

37. As pled in paragraphs 21 through 23, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, DAWN M. CRUZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

38. Plaintiff repeats and realleges paragraphs 1 through 37 as though fully set forth herein.

39. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") *or* prerecorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment

which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

40. Defendant used an ATDS in connection with its communications directed towards Plaintiff's cellular phone.  The significant pause, lasting several seconds in length, which Plaintiff has experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant continuing to contact Plaintiff after she demanded that the phone calls stop further demonstrates Defendant's use of an ATDS.  Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

41. Defendant violated the TCPA by placing at least 10 phone calls to Plaintiff's cellular phone using an ATDS messages without her consent. Any consent that Plaintiff *may* have given to the originator of the subject consumer debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiff's demands that it cease contacting her.

42. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

43. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, DAWN M. CRUZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

47. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 10 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

50. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

   b. **Violations of TDCA § 392.304**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

52. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, DAWN M. CRUZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: December 31, 2018                             Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                 s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                     Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*                              *Counsel for Plaintiff*
Admitted in the Western District of Texas            Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                  2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148

| | |
|---|---|
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |